[Cite as *State v. Aburas*, 2018-Ohio-1984.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2017-10-054 |
| | : | O P I N I O N |
| - vs - | | 5/21/2018 |
| | : | |
| WILSON MUSA ABURAS, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2016-CR-00456


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Wilson Aburas, appeals his 60-month sentence from the Clermont County Court of Common Pleas after pleading guilty to sexual battery.

{¶ 2} Aburas was charged with one count of first-degree felony rape after he forced his close friend to have sexual intercourse with him against her will. Aburas later agreed to plead guilty to a third-degree felony charge of sexual battery. The trial court then sentenced

Aburas to 60 months in prison after considering information from a presentence investigation report ("PSI"), which included information about Aburas' military history. Aburas now appeals his sentence, raising the following assignments of error. We will address the assignments of error together, as they are interrelated.

{¶ 3} Assignment of Error No. 1:

{¶ 4} THE TRIAL COURT'S 60-MONTH PRISON SENTENCE IS NOT SUPPORTED BY THE RECORD.

{¶ 5} Assignment of Error No. 2:

{¶ 6} THE TRIAL COURT FAILED TO CONSIDER WHETHER MR. ABURAS HAD AN EMOTIONAL, MENTAL, OR PHYSICAL CONDITION THAT IS TRACEABLE TO HIS SERVICE IN THE ARMED FORCES.

{¶ 7} Aburas argues in his assignments of error that the trial court erred in imposing the 60-month sentence.

{¶ 8} An appellate court reviews the imposed sentence according to R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Id.* at ¶ 10. Rather, R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.

{¶ 9} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may increase, reduce, or otherwise modify a sentence only

when it clearly and convincingly finds that the sentence is either contrary to law or unsupported by the record. *Marcum* at ¶ 7.

{¶ 10}  After reviewing the record, we find that Aburas' sentence was not contrary to law.  Aburas was convicted of a third-degree felony, which according to R.C. 2929.14(A)(3)(a), is subject to a sentencing range of 12 to 60 months.  The trial court's 60-month sentence was therefore within the statutory range.  Moreover, the trial court addressed the purposes and principles of sentencing according to R.C. 2929.11 and R.C. 2929.12 at both the sentencing hearing and within the trial court's sentencing entry.  The trial court also informed Aburas of the pertinent postrelease control sanctions.  As such, Aburas' sentence was not contrary to law.

{¶ 11}  The record also supports the 60-month sentence.  The trial court considered the information contained in the PSI, statements from the state advocating for a prison sentence, and statements from the defense in mitigation.  These considerations included that Aburas sexually battered his best friend, even after knowing her history of sexual abuse and that previous instances of sexual abuse had left her scarred.  Aburas did not contest the state's presentation of facts during the plea hearing, including that Aburas went into the victim's bedroom while she was asleep, moved her from lying on her stomach to her back, removed her pants and panties, pinned her down, and engaged in sexual intercourse with her while the victim repeatedly told Aburas to stop and tried to push Aburas off her.

{¶ 12}  The court considered that Aburas took advantage of his relationship with the victim, and engaged in an act of sexual violence against her.  The court also questioned whether Aburas was remorseful, as Aburas' statement within the PSI contended that the sexual act was consensual and that the victim accused him of rape and was only angry with him because he fell asleep during intercourse.

{¶ 13}  Despite Aburas' argument that the trial court did not give proper consideration

to his experiences in the military, the record indicates otherwise. According to R.C. 2929.12(F), "the sentencing court shall consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses." However, the statute does not require a particular outcome or that the trial court do anything other than consider the defendant's military service record and any contributing factors to the offense that can be traced back to such service. *State v. Mitchell*, 4th Dist. Meigs No. 13CA13, 2015-Ohio-1132; *see also State v. Napier*, 12th Dist. Clermont No. CA2016-04-022, 2017-Ohio-246, ¶ 46 (finding the trial court properly considered R.C. 2929.12[F] where "the record clearly demonstrate[d] the trial court considered [appellant's] prior military service by thanking him for his service, while also stating that such service did not excuse the offense of violence that occurred").

{¶ 14} The PSI clearly indicates that Aburas suffered from PTSD, anxiety, and depression after one of his friends in the military was killed during combat. Aburas' defense counsel offered this information during mitigation, and the trial court was provided all applicable information in the PSI regarding Aburas' experiences in the military that may have contributed to his criminal conviction. However, the record also indicates that Aburas was discharged from the military after he was charged with larceny.

{¶ 15} The trial court made specific mention of Aburas' military experiences during sentencing, even thanking Aburas for his service. "I appreciate the fact that you were willing to serve in the military. That's a very honorable thing to do * * * your service, in that regard, is appreciated." Despite Aburas' argument to the contrary, the record clearly shows that the trial court considered Aburas' military history and all pertinent information regarding his medical conditions once he was discharged.

- 4 -

{¶ 16} After reviewing the record, we find that the trial court's sentence was not contrary to law and was otherwise supported by the record. As such, Aburas' two assignments of error are overruled.

{¶ 17} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.