[Cite as *State v. McQueen*, 2018-Ohio-2671.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2017-12-062 |
| Plaintiff-Appellee, | : | O P I N I O N<br>7/9/2018 |
| | : | |
| - vs - | : | |
| | : | |
| TOBY T. MCQUEEN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2017-CR-00496

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor Batavia, OH 45103, for plaintiff-appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, OH 45103, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Toby McQueen, appeals his 60-month prison sentence imposed by the Clermont County Court of Common Pleas following his guilty plea to sexual battery.

{¶ 2} Appellant was indicted in August 2017 with one count of rape, a felony of the first degree, and one count of sexual battery, a felony of the third degree, for engaging in

sexual intercourse with his girlfriend (the "victim") against her will. The state filed a bill of particulars describing the conduct that constituted the rape and sexual battery. The same facts were included in both counts, to wit: "the defendant engaged in vaginal intercourse with [the victim] while being told to stop numerous times. Additionally, the defendant forcibly pushed the legs of [the victim] apart to engage in intercourse." Appellant subsequently pled guilty to sexual battery as charged and the rape charge was dismissed.

{¶ 3} On November 16, 2017, the trial court held a sentencing hearing. A presentence investigative report ("PSI") ordered by the trial court indicated that appellant turned 18 years old 7 months prior to the sexual incident in question, had a minor criminal record as a juvenile, and only one misdemeanor drug paraphernalia possession conviction as an adult. In support of a short prison sentence, if not community control, defense counsel argued that appellant was "a troubled young man," as appellant had been sexually abused by a teenage boy from the ages of five to nine and suffered from depression, PTSD, bipolar disorder, and suicidal tendencies. Appellant then addressed the trial court and tersely apologized to the court, his family, and the victim for his actions.

{¶ 4} Upon considering the purposes and principles of sentencing in R.C. 2929.11 and the factors listed in R.C. 2929.12, and reviewing the PSI, the trial court sentenced appellant to 60 months in prison. Before doing so, the trial court first questioned appellant about a confrontation between appellant and the victim that took place the night before the sexual incident. Appellant denied threatening the victim but admitted the two had an argument and that he blocked her car in an attempt to speak to her. Appellant further admitted having "very bad anger issues."

{¶ 5} The trial court next discussed comments appellant made to the victim in a controlled call. The trial court noted that while appellant "apologized [to the victim] to some extent," he also "[q]uestioned why she needed more than just an apology and then * * *

went ballistic, yelling at her, screaming at her[.]" The trial court noted the victim's fear that appellant would come and harm her. The trial court stated that while that type of explosive anger was dangerous, equally troubling were appellant's dismissive attitude and his lack of any remorse as evidenced by his statements in the PSI regarding the sexual incident. Specifically, the trial court noted that appellant treated the sexual incident purely as "stress F * * * to blow off some steam" and treated the victim as nothing more than a sex object. The trial court further noted appellant's belief that the charges against him were "bullshit" because the victim "[is] my girlfriend and she's pissed off at me." The trial court further found that while the victim initially consented to having intercourse with appellant, such consent was also based on fearfulness and the fact she trusted appellant, her boyfriend.

{¶ 6} Finally, the trial court expressed incredulity over appellant's PSI statements that he loved the victim "to death and * * * can't get her off of [his] mind":

> That's just over the top. Absolutely no person who claims to love someone would rape them. And that's what the original charge was, rape.
>
> She said no. And I don't care if there was some initial consent. When it started getting rough and started getting forceful and you pinned her down, that's rape. She was amazingly conciliatory and compassionate in the sense that she was willing to agree to the lesser offense.
>
> In reviewing the purposes and principles of sentencing, Mr. McQueen, community control is absolutely not warranted in this case. The sentence that I'm going to impose in this case will be five years. And it could have been 11 years on the rape charge, but I believe that that's the appropriate sentence in this case, given the violence that was involved, * * * your lack of remorse, your dismissive attitude towards this.[1]

{¶ 7} Based upon the PSI and the evaluation performed by an "experienced

---

1. The victim's impact statement indicates that appellant sexually assaulted the victim and supports the trial court's finding that appellant was "rough" when he engaged in and continued to have sexual intercourse with the victim against her will. The victim's impact statement further indicates that appellant threatened the victim if she did not stop crying.

probation officer" specialized in sex offenses, the trial court found that appellant was most likely to reoffend under similar circumstances. The trial court further stated it had reviewed the sentences it had imposed in sexual cases over the past six years and found appellant's sentence to be consistent with sentences imposed in similar cases.

{¶ 8} Appellant now appeals, raising one assignment of error:[2]

{¶ 9} THE TRIAL COURT'S 60[-]MONTH PRISON SENTENCE IS NOT SUPPORTED BY THE RECORD.

{¶ 10} Appellant argues that the trial court erred in imposing the 60-month prison sentence. Specifically, appellant argues that his prison sentence is contrary to law because the trial court improperly referenced the dismissed rape charge in sentencing him. Appellant asserts that the trial court's repeated use of the word "rape" shows that the court improperly considered appellant's conduct as "rape," and not as sexual battery, in sentencing him on the sexual battery charge. Appellant further argues that while his conduct was "certainly problematic [and] questionable," it did not warrant the imposition of a 60-month prison term.

{¶ 11} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court may modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors

2. We note that the state's brief refers to sexual imposition quite a few times. While it appears some of the references are for purposes of illustrating an hypothesis, two are clearly not. Indeed, the state first incorrectly stated that appellant was indicted on one count of sexual imposition in violation of the sexual battery statute, then incorrectly stated that "the facts underlying the charge of sexual imposition" were read at the plea hearing.

listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Aburas*, 12th Dist. Clermont No. CA2017-10-054, 2018-Ohio-1984, ¶ 9.

{¶ 12} After a thorough review of the record, we find no error in the trial court's decision to sentence appellant to 60 months in prison. The record plainly shows that appellant's sentence is not contrary to law. Appellant was convicted of a third-degree felony, which is subject to a sentencing range of 12 to 60 months in prison under R.C. 2929.14(A)(3)(a). Appellant's 60-month prison sentence is therefore within the statutory range for a third-degree felony. *Aburas* at ¶ 10. Furthermore, the trial court properly considered the purposes and principles of sentencing of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, both at the sentencing hearing and within its sentencing entry. The trial court further informed appellant of the pertinent postrelease control sanctions.

{¶ 13} We further find that the record supports the 60-month prison sentence. The trial court considered the information contained in the PSI and statements in favor of mitigation from defense counsel. These considerations included that appellant sexually and forcefully battered the victim against her will because he needed to blow off steam. Appellant did not contest the state's presentation of facts during the plea hearing, including that appellant forcibly pushed apart the legs of the victim to engage in intercourse and then engaged in vaginal intercourse with the victim while being told to stop numerous times. *Aburas*, 2018-Ohio-1984 at ¶ 11. The trial court considered that appellant took advantage of his relationship with the victim and engaged in an act of sexual violence against her. Appellant was dismissive of the seriousness of his behavior, did not show any remorse for his actions, and instead blamed the charges on his belief that the victim, his girlfriend, was angry at him.

{¶ 14} While appellant only had one misdemeanor drug paraphernalia conviction as

an adult, he had turned 18 years old only a few months before the sexual incident. And while he had a minor criminal record as a juvenile, it included two separate charges of domestic violence. Appellant was adjudicated delinquent for committing disorderly conduct and ordered to attend counseling in one case, and in the other case he was ordered to complete anger management for committing assault. In sentencing appellant, the trial court expressed its belief that appellant was most likely to reoffend under similar circumstances.

{¶ 15} We now turn to appellant's argument that the trial court improperly referenced the dismissed rape charge in sentencing him to 60 months in prison. Although we do not condone the trial court's statements, they do not warrant reversal of appellant's sentence. While perhaps unfortunate and unartful, two of the statements were proper observations of the record and the sentencing statute, to wit, one of appellant's original charges was rape, and had appellant pled guilty to rape, he could have been sentenced to 11 years in prison. *See* R.C. 2929.14(A)(1).

{¶ 16} Regarding the trial court's other two references to rape, standing alone, those statements may suggest that the trial court sentenced appellant based upon the dismissed rape charge. However, when viewed in the context of the sentencing hearing in its entirety, the statements simply and plainly reflect the trial court's frustration with appellant's dismissive attitude, his refusal to take responsibility for his actions, his total lack of remorse, and the violence used in the sexual incident. Furthermore, the fact the trial court reviewed the sentences it had imposed in sexual cases over the past six years and found appellant's sentence to be consistent with sentences imposed in similar cases negates appellant's argument.

{¶ 17} We therefore find that appellant's 60-month prison sentence was not contrary to law and was otherwise supported by the record. Appellant's assignment of error is overruled.

{¶ **18**} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.