[Cite as *State v. Bradburn*, 2019-Ohio-2484.]

**IN THE COURT OF APPEALS OF OHIO**
**THIRD APPELLATE DISTRICT**
**SHELBY COUNTY**

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO. 17-19-01

      v.

RANDY L. BRADBURN,                  **O P I N I O N**

      DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No. 18CR000078

Judgment Affirmed

Date of Decision: June 24, 2019

APPEARANCES:

    *Justin G. Griffis* **for Appellant**

    *Heath H. Hegemann* **for Appellee**

**SHAW, J.**

**{¶1}** Defendant-appellant, Randy L. Bradburn ("Bradburn"), appeals the December 10, 2018 Judgment Entry of Sentence issued by the Shelby County Court of Common Pleas journalizing his conviction after entering a guilty plea to one count of Rape in violation of R.C. 2907.02(A)(1)(b), and sentencing him to life in prison without the possibility of parole. On appeal, Bradburn argues that the sentence imposed by the trial court is not supported by the record and is clearly and convincingly contrary to law. Bradburn also claims that his counsel was ineffective during the sentencing hearing.

*Procedural Background*

**{¶2}** On March 8, 2018, the Shelby County Grand Jury returned a three-count indictment against Bradburn alleging that he committed two counts of Rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and one count of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree. The charges stemmed from allegations that Bradburn engaged in sexual conduct with a female relative, who was under the age of ten.

**{¶3}** On March 23, 2018, the trial court ordered a competency examination to determine whether Bradburn is competent to stand trial and on May 23, 2018, the

trial court found Bradburn competent to stand trial based upon a psychological evaluation report admitted by joint stipulation at a hearing.[1]

{¶4} On September 28, 2018, pursuant to a negotiated plea agreement, Bradburn entered a plea of guilty to one count of first degree felony Rape as charged in the indictment. As a result of the plea agreement, the remaining two counts listed in the indictment were dismissed. Sentencing was scheduled for a later date pending the completion of a pre-sentence investigation.

{¶5} On November 14, 2018, the trial court granted a motion to continue the sentencing hearing filed by Bradburn. In this motion, Bradburn requested that a second pre-sentence investigation be conducted on the basis that he did not feel comfortable answering the questions regarding the underlying rape offense posed by the female interviewer. Accordingly, the trial court permitted a second pre-sentencing investigation of Bradburn to be completed by a male interviewer.

{¶6} On December 10, 2018, Bradburn appeared for sentencing. Due to the nature of the conviction, the discretion of the trial court in imposing the sentence was limited because the statute required the trial court to impose a life sentence upon Bradburn. Thus, the only issue before the trial court was whether Bradburn would

---

[1] The trial court also granted defense counsel's request that a second evaluation be completed to determine Bradburn's sanity at the time the offenses were committed. The record indicates that a status conference was held on August 13, 2018 after the completion of the this second evaluation of Bradburn. However, there was no transcript of that hearing included with the record on appeal and similarly the report from the second evaluation was also not included with the record on appeal.

be eligible for parole after fifteen years or whether he would be sentenced to life in prison without the possibility of parole. After stating its findings on the record, the trial court sentenced Bradburn to a prison term of life without the possibility of parole and classified him as a Tier III sex offender.

{¶7} Bradburn filed this appeal, asserting the following assignments of error.

### ASSIGNMENT OF ERROR NO. 1

**THE SENTENCE IMPOSED BY THE SENTENCING COURT IS CONTRARY TO LAW BECAUSE IT FAILS TO REFLECT CONSIDERATION OF THE PURPOSES AND PRINCIPLES OF FELONY SENTENCING CONTAINED IN REVISED CODE § 2929.11 OR THE SERIOUSNESS AND RECIDIVISM FACTORS OF REVISED CODE § 2929.12.**

### ASSIGNMENT OF ERROR NO. 2

**THE SENTENCING COURT FAILED TO CONSIDER THE PURPOSES AND PRINCIPLES OF FELONY SENTENCING IN R.C. § 2929.11 AND § 2929.12 AND ABUSED ITS DISCRETION IN SENTENCING MR. BRADBURN TO THE MAXIMUM SENTENCE OF LIFE WITHOUT THE POSSIBILITY OF PAROLE.**

### ASSIGNMENT OF ERROR NO. 3

**DEFENSE COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.**

*First and Second Assignments of Error*

**{¶8}** In his first and second assignments of error, Bradburn claims that the trial court erred in imposing the maximum sentence of life without the possibility of parole. Specifically, Bradburn argues that the trial court failed to give adequate consideration to the sentencing factors contained in R.C. 2929.11 and R.C. 2929.12, and to other factors in favor of mitigation in fashioning its sentence.

*Legal Standard*

**{¶9}** As a point of clarification, we note that the standard of review for felony sentences is provided by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 9-23. "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "Applying the plain language of R.C. 2953.08(G)(2), * * * an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1. Thus, insofar as Bradburn argues that the trial court abused its discretion in applying the statutory factors, this is no longer the applicable standard of review. *See State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15-16 (recognizing that sentences are

reviewed pursuant to R.C. 2953.08 and not under the abuse of discretion standard); *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 10, 16.

{¶10} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Aburas*, 12th Dist. Clermont No. CA2017-10-054, 2018-Ohio-1984, ¶ 9. When exercising this discretion in felony cases, the statutory principles of sentencing found in R.C. 2929.11 and R.C. 2929.12 must be considered. *State v. Saunders*, 7th Dist. Jefferson No. 17 JE 0015, 2018-Ohio-3612, at ¶ 9, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. Yet, the court is not required to place a specific finding on the record when considering the principles and purposes of sentencing under R.C. 2929.11. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 31. Moreover, "The Code does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶11} Here, the trial court specifically stated on the record and in its judgment entry that it considered the principles and purposes of sentencing in R.C. 2919.11 and the recidivism factors in R.C. 2919.12 when it sentenced Bradburn to

life in prison without parole, which is permissible by statute for Bradburn's Rape conviction. *See* 2907.02(B). Despite Bradburn's argument on appeal, the record also reflects that the trial court considered other mitigating factors, such as Bradburn's low intellectual capacity, when pronouncing its sentence. Throughout the case the trial court had reviewed the reports from psychological examinations of Bradburn and in speaking to Bradburn at sentencing acknowledged that "there's no question that you have some mental health issues that contribute to your conduct." (Doc. No. 162 at 13).

{¶12} However, the trial court also highlighted Bradburn's criminal history which included a 2000 conviction for Child Molestation in Indiana and a conviction in 2017 for Criminal Child Enticement, in addition to his underlying conviction of the Rape of a child under ten, whom he lived with in a relative's home.[2] The PSIs also indicated that Bradburn had received counseling in the past after his prior sex offenses, but nevertheless continued to victimize children. Moreover, Bradburn's PSIs demonstrated that he had been unsuccessfully terminated from court supervision with respect to his last case, which immediately preceded the underlying offenses comprising the case *sub judice*. The record further indicates that Bradburn admitted to law enforcement that he has urges that he is unable to control, and that

---

[2] The record indicates Bradburn was also charged, in a separate case contemporaneous to the instant case, with ten counts of Pandering Sexually Oriented Matter Involving a Minor based upon pictures and videos obtained from his cell phone which depicted pre-pubescent children engaged in sexual conduct with adults. These charges were dismissed in exchange for Bradburn pleading guilty to one count of Rape in this case.

instead of taking responsibility for his conduct, Bradburn repeatedly attempted to justify his actions to the PSI interviewers. Thus, both PSI interviewers found it extremely likely that Bradburn would reoffend and harm more children and as a result both recommended that the trial court impose upon Bradburn a sentence of life in prison without the possibility of parole.

{¶13} The trial court stated its reasoning on the record for choosing to impose the maximum sentence at sentencing.

> **[B]ased upon the history that I have found here, it appears very likely to this court that if you ever get out of prison, you would likely reoffend, and this Court believes that it has an obligation to attempt to protect the public, in particular young children, from any possibility that you might be in a position to reoffend. So taking all those things into consideration, it will be the order of this court that you be ordered to serve life without the possibility of parole at ODRC.**

(Doc. No. 162 at 13). Based on the foregoing, we find that Bradburn's sentence is not clearly and convincingly contrary to law because the prison term is within the statutory range and the record fully supports the trial court's sentencing decision to impose the maximum sentence of life in prison without the possibility of parole. Accordingly, Bradburn's first and second assignments of error are overruled.

*Third Assignment of Error*

{¶14} In his third assignment of error, Bradburn claims that his trial counsel was ineffective at sentencing because "defense counsel failed to have him examined

by a mental health professional and have the mental health professional provide expert testimony at sentencing for purposes of mitigation." (Appt. Br. at 17).

*Legal Standard*

**{¶15}** To prove an allegation of ineffective assistance of counsel, Bradburn must satisfy a two-prong test. First, Bradburn must establish that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Second, Bradburn must demonstrate that he was prejudiced by counsel's performance. *Id.* To show that he has been prejudiced by counsel's deficient performance, Bradburn must prove that, but for counsel's errors, the result of his sentencing would have been different. *Bradley*, 42 Ohio St.3d at paragraph three of the syllabus.

**{¶16}** The extent to which counsel presents mitigation evidence at a sentencing hearing is generally a matter of trial strategy. *State v. Cossack*, 7th Dist. Mahoning No. 08 MA 161, 2009-Ohio-3327, ¶ 36, citing *State v. Stiles*, 3d Dist. Allen No. 1-08-12, 2009-Ohio-89, citing *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, ¶ 241. It is well-established that tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *See State v. Carter*, 72 Ohio St.3d 545, 558 (1995). Defense counsel has a duty to investigate mitigating circumstances in order to make informed tactical decisions about what

information would be most helpful to his or her client. *State v. Conway*, 10 Dist. Franklin No. No. 05AP-76, 2005-Ohio-6377, ¶ 28, citing *State v. Johnson*, 24 Ohio St.3d 87, 90 (1986). The decision to forego the presentation of additional mitigating evidence does not itself constitute proof of ineffective assistance of counsel. *Johnson* at 91.

**{¶17}** Here, the record demonstrates that the trial court had reviewed the reports related to the psychological examinations of Bradburn and was therefore aware of his intellectual limitations. However, it should be noted that the psychological report submitted with the record on appeal revealed that the mere existence of Bradburn's cognitive impairments was not in of itself conclusive in examining his conduct. Specifically, the expert examiner observed that Bradburn "over-aggregates these impairments" and "although [his] scores on an intelligence test were below-average, Mr. Bradburn's adaptive functioning is at a level above what would be expected based on the measured level of cognitive disability. Thus, he does not meet criteria to be termed 'intellectually disabled.' " (Doc. No. 161, Joint Ex. I). Moreover, at sentencing, defense counsel made a thorough argument in favor of mitigation, highlighting Bradburn's cognitive challenges, the cooperation Bradburn gave to law enforcement during the investigation of the offenses, and his expression of remorse for the trauma his conduct caused the victim.

Accordingly, counsel asked that the trial court impose a prison term of life, giving Bradburn the possibility of being considered for parole at some point in the future.

{¶18} Based on the record before us, Bradburn has failed to demonstrate that his counsel's decision not to obtain expert testimony to speak to Bradburn's cognitive limitations at sentencing fell below an objective standard of reasonable representation. There is nothing in the record to suggest that trial counsel failed to investigate mitigating circumstances in order to make informed tactical decisions about what information would be most helpful to Bradburn. Rather, the trial court already had access to two psychological reports on Bradburn, and therefore, it is purely speculative on Bradburn's part that an additional expert examination would have provided new evidence to persuade the trial court to impose a life sentence instead of a life sentence without the possibility of parole. Accordingly, we find no merit to Bradburn's arguments that his counsel was ineffective at sentencing on this basis. The third assignment of error is therefore overruled.

{¶19} Based on the foregoing, the assignments of error are overruled and the judgment and sentence of the trial court is affirmed.

***Judgment Affirmed***

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**