[Cite as *State v. Agnew*, 2020-Ohio-4260.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                    CASE NO. 1-19-84

     v.

DALE R. AGNEW,                          O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2018 0366

**Judgment Affirmed**

Date of Decision: August 31, 2020

APPEARANCES:

    *William T. Cramer* for Appellant

    *Jana E. Emerick* for Appellee

**ZIMMERMAN, J.**

{**¶1**} Defendant-appellant, Dale R. Agnew ("Agnew"), appeals the December 6, 2019 judgment entry of sentence of the Allen County Court of Common Pleas. We affirm.

{**¶2**} On September 13, 2018, the Allen County Grand Jury indicted Agnew on four criminal counts: Count One of attempted murder in violation of R.C. 2923.02, 2903.02(A), (D), 2929.02(B), a first-degree felony; Count Two of kidnapping in violation of R.C. 2905.01(A)(2), (C)(1), a first-degree felony; Count Three of aggravated burglary in violation of R.C. 2911.11(A)(1), (B), a first-degree felony; and Count Four of possessing criminal tools in violation of R.C. 2923.24(A), (C), a fifth-degree felony. (Doc. No. 12). Agnew appeared for arraignment on September 21, 2018 and entered pleas of not guilty. (Doc. No. 18).

{**¶3**} After competency evaluations, Agnew was found competent to stand trial on May 24, 2019 by the trial court. (Doc. Nos. 30, 40, 51, 55, 66). Nevertheless, on June 4, 2019, Agnew filed a motion to change his not-guilty plea to a plea of not guilty by reason of insanity. (Doc. No. 73). However, Agnew withdrew that motion on July 18, 2019. (Doc. No. 78).

{**¶4**} On October 22, 2019, Agnew withdrew his pleas of not guilty and entered guilty pleas, under a negotiated-plea agreement, to Counts Two and Three of the indictment. (Doc. No. 100). In exchange for his change of pleas, the State

agreed to dismiss Counts One and Four. (*Id.*). The trial court accepted Agnew's guilty pleas, found him guilty, and ordered a presentence investigation ("PSI"). (Doc. No. 101).

{¶5} On December 6, 2019, the trial court sentenced Agnew to 11 years in prison on Counts Two and Three, respectively, and ordered Agnew to serve the sentences consecutively for an aggregate term of 22 years in prison. (Doc. No. 114).

{¶6} On December 30, 2019, Agnew filed a notice of appeal, and raises one assignment of error for our review. (Doc. No. 119).

### Assignment of Error

**Clear and convincing evidence demonstrates that maximum, consecutive sentences were not supported by the record.**

{¶7} In his assignment of error, Agnew challenges the sentences imposed by the trial court and challenges the trial court's order that he serve the sentences consecutively. Specifically, Agnew argues that the record does not support the trial court's finding under R.C. 2929.12(B)(7) that he committed the offense as part of an organized criminal activity; the trial court's finding that none of the factors under R.C. 2929.12(C) indicating that his conduct is less serious than conduct normally constituting the offense; or the trial court's "concerns about narcissistic or antisocial personality disorders." (Appellant's Brief at 17).

*Standard of Review*

{¶8} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶9} First, we will address Agnew's argument challenging the trial court's imposition of the maximum term of imprisonment for his kidnapping and aggravated-burglary convictions. "It is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the trial court to make certain findings before imposing a maximum

sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. In this case, as first-degree felonies, kidnapping and aggravated burglary carry a non-mandatory sanction of 3-years to 11-years imprisonment. R.C. 2905.01(A)(2), (C)(1), 2911.11(A)(1), (B), 2929.14(A)(1)(b), 2929.13(F). Because the trial court sentenced Agnew to 11 years in prison for each offense, respectively, the trial court's sentence falls within the statutory range. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶10} "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Id.*, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's

conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶11} "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss[ed] them.'" *Maggette* at ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Id.*, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18. At Agnew's sentencing hearing and in its sentencing entry, the trial court considered the R.C. 2929.11 and 2929.12 factors. (Dec. 6, 2019 Tr. at 50-55); (Doc. No. 114).

{¶12} In particular, in assessing the seriousness of Agnew's conduct, the trial court found "that the victim of the offense * * * suffered serious psychological harm * * * ." (Dec. 6, 2019 Tr. at 50). *See* R.C. 2929.12(B)(2). The trial court also found that Agnew's "relationship with the victim facilitated the offense" and that he "committed this offense as part of a highly organized criminal activity." (Dec. 6, 2019 Tr. at 52). *See* R.C. 2929.12(B)(6), (7). Applying the factors under R.C. 2929.12(C)—indicating that Agnew's conduct is less serious than conduct normally constituting the offense—the trial court acknowledged Agnew's "various attempts to endanger his own life." (Dec. 6, 2019 Tr. at 52). However, the trial court ultimately found that none of the factors under R.C. 2929.12(C) applied in this case after concluding that Agnew's self-harm conduct "is a classic sign of a manipulation of a domestic violence victim" and an attempt "to avoid responsibility in this case." (*Id.* at 52-53).

{¶13} In assessing whether Agnew was likely to commit future crimes, the trial court weighed Agnew's prior record (including his juvenile record) and found that he has "not responded favorably to sanctions previously imposed for criminal convictions." (*Id.* at 53). *See* R.C. 2929.12(D)(2), (3). Further, the trial court found that Agnew "shows no genuine remorse for the offense." (Dec. 6, 2019 Tr. at 53). *See* R.C. 2929.12(D)(5). Applying the factors under R.C. 2929.12(E)—indicating that Agnew is not likely to commit future crimes—the trial court found that Agnew

"led a law-abiding life because the last conviction was in [20]09 and" the offenses in this case occurred in 2018. (Dec. 6, 2019 Tr. at 54-55). *See* R.C. 2929.12(E)(3).

{¶14} On appeal, Agnew appears to argue that the trial court abused its discretion in weighing the R.C. 2929.12 factors to sentence him to a maximum term of imprisonment. In particular, he appears to challenge the trial court's conclusion that his conduct was more serious than conduct normally constituting kidnapping or aggravated burglary because he argues that the record does not support the trial court's finding under R.C. 2929.12(B)(7) that he committed the offense as part of an organized criminal activity or the trial court's finding that none of the factors under R.C. 2929.12(C) indicating that his conduct is less serious than conduct normally constituting the offense. Likewise, Agnew argues that "[m]aximum consecutive sentences also appeared to be based on unsupported attempts to diagnose Agnew with allegedly uncurable [sic] disorders." (Appellant's Brief at 16).

{¶15} Even if we assume without deciding that the record does not support the trial court's finding relative to R.C. 2929.12(B)(7), its lack of a finding under R.C. 2929.12(C), or the trial court's concerns about Agnew's mental health, "it is '[t]he trial court [that], in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 12th Dist. Butler No. CA2017-04-055, 2017-

Ohio-9092, ¶ 15, quoting *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18, citing *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Id.*

{¶16} In other words, even if we assume without deciding that the trial court erroneously considered Agnew's conduct to be more serious than conduct normally constituting kidnapping or aggravated burglary, the trial court did not err by imposing maximum-prison sentences. Importantly, after weighing the recidivism factors, the trial court concluded that Agnew failed to overcome the presumption in favor of prison and that he is likely to commit future crimes. In concluding that Agnew is likely to commit future crimes, the trial court found that Agnew has a history of criminal convictions (including juvenile-delinquency findings), that he has not responded favorably to sanctions previously imposed, and that he demonstrated a lack of remorse. Those findings are clearly and convincingly supported by the record. The PSI details Agnew's prior record. In particular, the PSI reflects that Agnew has a prior felony conviction and that his community control from that offense was "unsuccessfully terminated." (PSI).

{¶17} Likewise, the record supports the trial court's finding that Agnew demonstrated a (genuine) lack of remorse. The trial court acknowledged Agnew's

statement that he "would never hurt" the victim. (Dec. 6, 2019 Tr. at 53). However, the trial court found Agnew's statement to be disingenuous based on Agnew's history of domestic violence with the victim and "in light of the repeated findings from psychologists and [his] tests" reflecting a "'gross over-exaggeration of reported pathology" and "histrionics." (*Id.* at 53-54). Indeed, in addition to the competency-evaluation reports and Agnew's statement in the PSI, Agnew addressed the trial court at the sentencing hearing during which Agnew provided a verbose statement containing excuses and justifications for his conduct as opposed to statements of genuine remorse. (*See id.* at 37-47).

{¶18} In addition to the specific factors listed under R.C. 2929.12, the statute permits the trial court to consider "any other factors relevant to achieving [the] purposes and principles of sentencing," including "any other relevant factors" regarding the seriousness of the offender's conduct and likelihood of recidivism. R.C. 2929.12(A)-(E). Consequently, it is within the trial court's discretion to consider Agnew's mental health and subsequently conclude that the imposition of a (maximum) prison sentence is "the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). *See also* R.C. 2929.13(D).

{¶19} For these reasons, we conclude the trial court did not abuse its discretion by concluding that Agnew did not overcome the presumption in favor of

prison. Accordingly, we will not reverse Agnew's sentence because it is within the permissible statutory range, the trial court properly considered the criteria found in R.C. 2929.11 and 2929.12, and the record clearly and convincingly supports the trial court's findings under R.C. 2929.11 and 2929.12. *See Maggette*, 2016-Ohio-5554, at ¶ 36.

{¶20} Agnew further argues that the trial court erred in imposing consecutive sentences. "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b)   At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of

the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶21} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

{¶22} The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

{¶23} As an initial matter, it appears that Agnew erroneously contends that our review of the trial court's consecutive-sentence findings is guided by the R.C.

-12-

2929.12 sentencing factors. *See State v. Nienberg*, 3d Dist. Putnam No. 12-16-15, 2017-Ohio-2920, ¶ 19, citing *State v. Jones*, 8th Dist. Cuyahoga No. 104152, 2016-Ohio-8145, ¶ 9 ("The crux of his argument rests with the misplaced belief that appellate review of consecutive sentence findings is guided by the R.C. 2929.12(B)-(E) sentencing factors and that appellate courts must consider the weight given to any one sentencing factor in reviewing whether the record supports the findings."). "Instead, 'our consecutive-sentencing review is limited to determining whether the record supports the findings actually made; it is not an invitation to determine or criticize how well the record supports the findings.'" *Id.*, quoting *Jones* at ¶ 16, citing *State v. Withrow*, 2d Dist. Clark No. 2015-CA-24, 2016-Ohio-2884, ¶ 37.

{¶24} Here, the trial court made the three statutorily required findings before imposing consecutive sentences at the sentencing hearing and incorporated those findings into its sentencing entry. Specifically, at the sentencing hearing, the trial court said:

{¶25} Specifically, at the sentencing hearing, the trial court said:

The court has decided that [Agnew] shall serve the prison terms consecutively, pursuant to R.C. 2929.14(C), because the court finds that consecutive service is the only way to protect the public from future crime and to punish [Agnew] and that consecutive sentences are not even remotely close to being disproportionate to the seriousness of [Agnew's] conduct and to the danger he poses to the public, particularly [the victim].

The court further finds that at least two of the multiple offenses * * * were committed as part of one or more courses of conduct and

-13-

> the harm caused by two or more of these offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of [Agnew's] conduct. The psychological impact, even if there aren't any physical scars, is astronomical.

(Dec. 6, 2019 Tr. at 56). The trial court incorporated its findings into its sentencing entry. (Doc. No. 114). Accordingly, the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences.

{¶26} Thus, the record reflects that the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings in its sentencing entry. Therefore, there is not clear and convincing evidence that the record does not support Agnew's sentence or that his sentence is otherwise contrary to law.

{¶27} Agnew's assignment of error is overruled.

{¶28} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**