[Cite as *State v. Gossman*, 2020-Ohio-5135.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 16-20-03

    v.

MICHAEL L. GOSSMAN,               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Wyandot County Common Pleas Court
Trial Court No. 19-CR-0082

Judgment Affirmed

Date of Decision:   November 2, 2020

APPEARANCES:

    *Todd A. Workman* for Appellant

    *Douglas D. Rowland* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Michael L. Gossman ("Gossman") brings this appeal from the judgment of the Court of Common Pleas of Wyandot County finding Gossman guilty of one count of rape. On appeal, Gossman claims that he was denied the effective assistance of counsel, that his plea was not voluntarily entered, and that the sentence should be set aside. For the reasons set forth below, the judgment is affirmed.

{¶2} On July 24, 2019, the Wyandot County Grand Jury indicted Gossman on two counts of raping a child under the age of thirteen in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree. Doc. 1. Gossman filed a motion for a competency evaluation to determine whether he was competent to stand trial. Doc. 9. The competency hearing was held on October 21, 2019. Doc. 22. The trial court determined that Gossman was competent to stand trial. *Id*. Pursuant to a plea negotiation, Gossman agreed to enter a plea of guilty to one count of rape and the State agreed to dismiss the second count of rape. Doc. 25. As part of the agreement, the State would recommend that the trial court impose an indefinite prison sentence of a minimum sentence of fifteen years to a maximum term of life imprisonment. *Id*.

{¶3} A change of plea hearing was held on January 31, 2020. Doc. 26. During the dialogue with Gossman, the trial court advised Gossman that there was

a presumption that the trial court would impose an indefinite prison term. *Id*. at 2. The trial court also recited the State's sentence recommendation as set forth in the plea agreement. *Id*. at 3. Following the State's motion to dismiss count two of the indictment, the trial court conditionally did so. *Id*. Gossman then withdrew his plea of not guilty to count one and entered a plea of guilty to that count of rape, signing the written plea of guilty in open court. *Id*. When questioned, Gossman admitted the circumstances and allegations supporting count one of the indictment. *Id*. at 4. The trial court then found the plea to be knowingly, voluntarily, and intelligently given and accepted the plea, thus finding Gossman guilty of rape. *Id*.

{¶4} On March 18, 2020, a sentencing hearing was held. Doc. 32. At the hearing, counsel for Gossman spoke in mitigation and requested the minimum sentence. *Id*. at 2. Gossman and his mother also spoke on his behalf. *Id*. The State reiterated the recommendation made in the plea agreement and advised the trial court of the amount of time served. *Id*. Although the victim and her mother were present in the courtroom, they chose to have the victim advocate speak for them. *Id*. The trial court also considered the pre-sentence investigation report ("PSI") and the victim impact statement. *Id*. at 2-3. The trial court then imposed an indefinite prison term of a minimum sentence of twenty-five years to a maximum sentence of life imprisonment. *Id*. at 4. Gossman filed a timely notice of appeal from this judgment. Doc. 36. On appeal, Gossman raises the following assignments of error.

**First Assignment of Error**

**[Gossman's] sentence should be set aside due to ineffective assistance of counsel in violation of the Sixth Amendment of the Constitution.**

**Second Assignment of Error**

**[Gossman's] sentence should be set aside as the sentence imposed by the court was disproportionate and not consistent with sentences for similar offenses and it [is in] violation of the Eighth Amendment's prohibition against cruel and unusual punishment.**

**Third Assignment of Error**

**[Gossman's] sentence should be set aside due to the failure of the trial court to apply [R.C. 2929.11 and 2929.12].**

**Fourth Assignment of Error**

**[Gossman's] plea should be set aside [as] it was not knowingly and intelligently made as the court violated [Gossman's] Sixth Amendment and due process rights by not adequately advising him that the court was not bound by the terms of the [plea] agreement.**

For the purposes of clarity, we will address the assignments of error out of order.

*Voluntariness of the Plea*

{¶5} In the fourth assignment of error, Gossman claims that his guilty plea was not voluntary because he was not adequately advised that the trial court was not bound by the terms of the plea agreement and that he could be given a prison sentence of more than the fifteen years to life that was recommended. "[I]t is a well-established tenet in Ohio that a sentencing court is not bound to accept the

-4-

prosecution's recommended sentence as part of a negotiated plea agreement." *State v. Liles*, 3d Dist. Allen No. 1-10-28, 2010-Ohio-5799, ¶ 22 quoting *State v. Crable,* 7th Dist. Belmont No. 04 BE 17, 2004-Ohio-6812, ¶ 11.

{¶6}  A review of the record shows that the written plea agreement stated as follows:

> **I understand that the Court does not take part in any Sentence Recommendation, and may sentence me today or refer my case for a presentence investigation and may impose the maximum sentence for this offense.**

Doc. 25 at 3.  At the change of plea hearing on January 31, 2020, the trial court read the sentence recommendation by the State to Gossman and he agreed that was the recommendation.  The trial court also advised Gossman of what the various sentences could be and informed Gossman that the trial court was not required to follow the recommendation.  Jan. 31 Tr. 5, 11.  Gossman indicated to the trial court that he understood all of this.  *Id.*  The trial court then asked Gossman if he was entering the plea voluntarily, to which Gossman responded, "Yes, Your Honor."  Jan. 31 Tr. 11-12.  The trial court then had Gossman sign the guilty plea and asked him what he did.  Jan. 31 Tr. 12.  After Gossman admitted that he had raped a nine year old victim, the trial court accepted the change of plea and found Gossman guilty of rape.  Jan. 31 Tr. 12-13.  The record shows that Gossman was informed by the trial court that it was not bound by the recommended sentence and indicated he understood.  He then informed the trial court that he still wished to enter the plea

agreement. Thus, the record shows that the plea was voluntarily, intelligently, and knowingly made. The fourth assignment of error is overruled.

*R.C. 2929.11 and R.C. 2929.12*

{¶7} Gossman claims in the third assignment of error that the trial court erred by failing to consider and apply the factors set forth in R.C. 2929.11 and R.C. 2929.12. Prior to imposing a sentence, the trial court is required by statute to consider the underlying principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12.

> **(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.**

> **(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.**

> **(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender.**

R.C. 2929.11.

**(A)  Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.**

**(B)  The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:**

**(1)  The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.**

**(2)  The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.**

**(3)  The offender held a public office or position of trust in the community, and the offense related to that office or position.**

**(4)  The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.**

**(5)  The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.**

**(6)   The offender's relationship with the victim facilitated the offense.**

**(7)   The offender committed the offense for hire or as a part of an organized criminal activity.**

**(8)   In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.**

**(9)   If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.**

**(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:**

**(1)   The victim induced or facilitated the offense.**

**(2)   In committing the offense, the offender acted under strong provocation.**

**(3)   In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.**

**(4)   There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.**

**(D)   The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as**

**factors indicating that the offender is likely to commit future crimes:**

**(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.**

**(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.**

**(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.**

**(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.**

**(5) The offender shows no genuine remorse for the offense.**

**(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:**

**(1)   Prior to committing the offense, the offender had not been adjudicated a delinquent child.**

**(2)   Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.**

**(3)   Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.**

**(4)   The offense was committed under circumstances not likely to recur.**

**(5)   The offender shows genuine remorse for the offense.**

**(F)   The sentencing court shall consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses.**

R.C. 2929.12.  A trial court is required to consider the factors set forth in these statutes, but the trial court is not required to discuss the considerations on the record. *State v. Agnew,* 3d Dist. Allen No. 1-19-84, 2020-Ohio-4260, ¶ 11.   The mere statement that the trial court considered the statutory factors alone is sufficient to satisfy the statutory obligations. *Id.*

{¶8} Here, the trial court indicated that it had considered the information contained in the PSI and the victim impact statements.  Mar. 18 Tr. 13.  The trial court also indicated that it had considered the information presented at the hearing and had considered the circumstances surrounding the charge.  *Id*.  "[A]fter considering the factors pertaining to the seriousness of the offense, whether the

Defendant is likely to recidivate that the offender is not amenable to community control and prison is consistent with the purposes of and principles of sentencing." *Id*. at 13-14. The trial court then proceeded to discuss the underlying facts of this case and how the actions of Gossman had affected the victim. *Id*. at 14.

{¶9} In the judgment entry, the trial court noted that a prison term was consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. Doc. 32 at 3. The trial court also noted in the judgment entry that it had considered the PSI and discussed the likelihood of recidivism, and discussed several of the seriousness factors, such as Gossman's position of trust and the trauma inflicted on the victim. *Id*. A review of the PSI shows that the statutory factors set forth in R.C. 2929.12 were addressed and the trial court stated it considered the contents of the PSI. *Id*. at Ex. 1. Since the sentence imposed by the trial court was within the statutory range, the record reflects that the trial court did consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12, and the factors mentioned by the trial court are supported by the record, the trial court did not err in imposing the sentence. The third assignment of error is overruled.

*Disproportionate Sentence*

{¶10} In the second assignment of error, Gossman claims that his sentence was disproportionate and violated the Eighth Amendment's prohibition against

cruel and unusual punishment. A sentence within the statutory range generally will not be found to be in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *U.S. v. Newsome*, 898 F.2d 119 (10th Cir.1990). The Eighth Amendment only forbids extreme sentences that are "grossly disproportionate" to the crime. *Ewing v. California*, 538 U.S. 11, 12, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003). "A defendant alleging disproportionality in felony sentencing has the burden of producing evidence that his sentence is disproportionate to sentences given to other offenders with similar records who have committed these offenses. *State v. McMillan*, 8th Dist. Cuyahoga No. 105296, 2017-Ohio-8872, ¶ 16, 100 N.E.3d 1222. Here, Gossman claims that the State, at sentencing stated that fifteen years to life was a harsh sentence for a first time offender. However, Gossman takes that statement out of context and in his reference to the statement, failed to finish it. The complete statement of the State was as follows.

> **While the recommendation of 15 to life might seem a little bit harsh for a first time offender, which apparently Defendant doesn't have any type of criminal history that I'm aware of, nothing was pointed out in the PSI, he's earned such a harsh say – sentence given the cruel details of this, of the investigation.**

Mar. 18 Tr. at 11. Taken in context, the State did not say that the sentence was harsh in this case. This court also notes that the fifteen years to life sentence was

recommended by the State and requested by Gossman. The trial court considered all of this, but also considered the underlying facts of this case.

> **Pursuant to the presentence investigation, Defendant appears to be a vile, disgusting human being who took pleasure in torturing a nine-year-old child for his own selfish pleasure. Her little fist hit him. She cried; she screamed; she bled, and yet Defendant continued to rape her over and over. Defendant's victim suffered physical and emotional trauma which is exasperated by her young age. Defendant was in a position of trust with his victim and he was supposed to be her caregiver; instead, he was her monster. Defendant took pictures of this victim while she was naked and would hit the victim with a belt if she threatened to tell someone of his abuse.**
>
> **The dread this child must have felt every time she knew she would be placed in his care is almost unimaginable. Defendant's victim still lives in fear. She's afraid Defendant will break out of jail. She has anxiety and depression and anger. She has trouble sleeping and when she does sleep, she has nightmares featuring the Defendant. This child should not have to continue to worry about Defendant ever being a part of her young life anymore, and let all be warned this Defendant should never be around children ever again.**

*Id*. at 14-15. Gossman has not presented any evidence that his sentence was not proportionate to similarly situated offenders. A review of the record shows that the sentence was within the statutory range and was not even the maximum sentence. Even though the sentence was greater than that recommended and requested, there is nothing in the record to indicate it is grossly disproportionate and thus violates the Eighth Amendment. The second assignment of error is overruled.

*Ineffectiveness of Counsel*

{¶11} Gossman argues in the first assignment of error that he was denied the effective assistance of counsel for failing to have mental health experts testify at the sentencing hearing.

> **In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done."** *State v. Hester* **(1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."** *State v. Lytle* **(1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.**
>
> **On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent.** *See Vaughn v. Maxwell* **(1965), 2 Ohio St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164;** *State v. Jackson***, 64 Ohio St.2d [107] at 110–111, 18 O.O.3d [348] at 351, 413 N.E.2d [819] at 822.**

*State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905. "The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test." *State v. Walker*, 3d Dist. Seneca No. 13-15-42, 2016-Ohio-3499, 66 N.E.3d 349, ¶ 20. "To show prejudice, the defendant must show a reasonable probability that, but

for counsel's errors, the result of the proceeding would have been different." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. "The prejudice inquiry, thus, focuses not only on outcome determination, but also on 'whether the result of the proceeding was fundamentally unfair or unreliable.'" *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180 quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

**{¶12}** Gossman claims that counsel was ineffective for failing to call a mental health expert to testify in mitigation at the sentencing hearing. The Ohio Supreme Court has addressed the failure to call a mitigation witness in *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930. In *Maxwell*, counsel was allegedly ineffective for failing to call an expert witness to present evidence of the defendant's low intelligence. The Court held that as follows.

> **The defense decision to call or not call a mitigation witness is a matter of trial strategy. * * * Debatable trial tactics generally do not constitute ineffective assistance of counsel.**

*Id*. at ¶180 quoting *State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, ¶ 116, 857 N.E.2d 547. The Court found that although it did not know why counsel did not call the witness, it was not ineffective assistance of counsel to not do so. Gossman's attorney did raise the fact that Gossman was suffering from mental health issues including substance abuse, anxiety disorder and depression. Mar. 18 Tr. 9. These statements were also supported by the PSI and by the prior competency

hearing. However, there is nothing in the record to support Gossman's claim that such testimony would have affected the sentence. Since there is nothing to show that counsel violated his essential duties or that there was any resulting prejudice, the ineffective assistance of counsel claim fails. The first assignment of error is overruled.

**{¶13}** Having found no prejudicial errors in the particulars assigned and argued, the judgment of the Court of Common Pleas of Wyandot County is affirmed.

*Judgment Affirmed*

**SHAW, P.J. and ZIMMERMAN, J., concur.**

**/jlr**