[Cite as *State v. Okonski*, 2026-Ohio-2144.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

MICK J. OKONSKI,

    DEFENDANT-APPELLANT.

CASE NO. 13-25-21

OPINION AND
JUDGMENT ENTRY

---

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

MICK J. OKONSKI,

    DEFENDANT-APPELLANT.

CASE NO. 13-25-22

OPINION AND
JUDGMENT ENTRY

---

**Appeals from Seneca County Common Pleas Court
Trial Court Nos. 25 CR 0014 and 25 CR 0033**

**Judgments Affirmed**

**Date of Decision: June 8, 2026**

APPEARANCES:

*Brian A. Smith* **for Appellant**

*Stephanie J. Kiser* **for Appellee**

**WALDICK, J.**

{¶1} This is a consolidated appeal in which the defendant-appellant, Mick Okonski ("Okonski"), appeals the judgments of sentence entered against him in two cases in the Seneca County Court of Common Pleas, following his pleas of guilty to several felony-level sex offenses involving children. For the reasons set forth below, we affirm.

*Procedural History and Factual Background*

{¶2} In Case Number 13-25-21 (25 CR 0014), a two-count indictment was returned against Okonski on February 6, 2025. In that indictment, Okonski was charged in both counts with Pandering Obscenity Involving a Minor, with each count being a second-degree felony in violation of R.C. 2907.321(A)(1). On February 21, 2025, an arraignment was held and Okonski entered an initial plea of not guilty to both counts of the indictment.

{¶3} In Case Number 13-25-22 (25 CR 0033), a 31-count indictment was returned against Okonski on March 20, 2025. That indictment charged Okonski as

follows: Count 1 – Gross Sexual Imposition, a third-degree felony in violation of R.C. 2907.05(A)(4); Counts 2 through 23 – Illegal Use of a Minor in Nudity-Oriented Material or Performance, with each of those counts being a second-degree felony in violation of R.C. 2907.323(A)(1); Counts 24 through 29 – Pandering Obscenity Involving a Minor, with each of those counts being a second-degree felony in violation of R.C. 2907.321(A)(1); and Counts 30 and 31 – Voyeurism, with each of those counts being a fifth-degree felony in violation of R.C. 2907.08(C). On March 24, 2025, an arraignment was held on that indictment, and Okonski entered an initial plea of not guilty to all counts.

{¶4} The charges in the two indictments were based on allegations that Okonski had used the Internet to download and disseminate child pornography on a repeated and ongoing basis and, additionally, that he had covertly taken sexually-explicit photographs of family members who were minors. In January of 2025, following an investigation that occurred over the course of several months, law enforcement officials seized a computer and other electronic devices from Okonski's Seneca County residence, pursuant to a search warrant. Subsequent review of the computer with the IP address used by Okonski revealed several files downloaded on that computer containing still images and videos of adult males engaging in sex acts with children, with some of those children as young as toddlers. When interviewed by police as part of the investigation, Okonski acknowledged having downloaded sexual-type images of children from the Internet,

-3-

but claimed to have deleted the images once he saw what they depicted. Okonski also admitted to having taken explicit photographs of young family members in various states of nudity, in addition to having hidden a camera in his home from which he obtained video images of minor females using the bathroom.

{¶5} On September 17, 2025, both cases were resolved with negotiated pleas of guilty. In Case Number 13-25-21, Okonski pled guilty to Count 1 of the indictment and, in exchange, the State of Ohio agreed to dismiss Count 2. In Case Number 13-25-22, Okonski pled guilty to Counts 1, 2, 10, 13, 22, and 30, in exchange for the prosecution agreeing to dismiss the remaining counts. In both cases, the trial court accepted Okonski's guilty pleas as outlined and ordered a presentence investigation.

{¶6} On October 20, 2025, a joint sentencing hearing was held in the two cases. In Case Number 13-25-21, the trial court sentenced Okonski to an indefinite term of 7 to 10 1/2 years in prison. In Case Number 13-25-22, the trial court sentenced Okonski as follows: Count 1 – 54 months in prison; Count 2 – an indefinite term of 7 to 10 1/2 years in prison; Count 10 – an indefinite term of 7 to 10 1/2 years in prison; Count 13 – an indefinite term of 7 to 10 1/2 years in prison; Count 22 – an indefinite term of 7 to 10 1/2 years in prison; and Count 30 – 12 months in prison. In that case, the trial court ordered that the sentence on Count 1 be served concurrently to the sentences on Counts 2, 10, 13, 22, and 30, which were to be served consecutively to one another. The trial court further ordered that the

sentence in that latter case be served consecutively to the sentence imposed in the earlier case. The trial court also journalized its sentencing orders in both cases on October 20, 2025.

{¶7} On October 24, 2025, the trial court filed a nunc pro tunc judgment entry in both cases to correct an error in the October 20, 2025 judgment entries of sentencing.

{¶8} On November 6, 2025, Okonski filed a notice of appeal in both cases. On November 17, 2025, this Court ordered that the two appeals be consolidated.

{¶9} On appeal, Okonski raises three assignments of error, all of which relate to the sentences imposed.

**First Assignment of Error**

**Because the trial court's findings under R.C. 2929.14(C)(4) were, by clear and convincing evidence, not supported by the record, the trial court's imposition of consecutive sentences, in both case numbers 25 CR 0014 and 25 CR 0033, was not supported by the record.**

**Second Assignment of Error**

**Because the trial court's sentence of Appellant, in both case numbers 25 CR 0014 and 25 CR 0033, as well as the trial court's total aggregate sentence in both cases, was an extreme sentence, grossly disproportionate to the offenses to which Appellant pleaded guilty, and disproportionate to sentences given other offenders with similar records who had committed those offenses, the trial court's sentence of Appellant, in both case numbers 25 CR 0014 and 25 CR 0033, was contrary to law, in violation of Appellant's right against cruel and unusual punishment under**

**the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Ohio Constitution.**

**Third Assignment of Error**

**Because the trial court failed to consider Appellant's military service record as required under R.C. 2929.12(F), the trial court's sentence of Appellant was contrary to law, in both case numbers 25 CR 0014 and 25 CR 0033.**

*First Assignment of Error*

{¶10} In the first assignment of error, Okonski argues that the imposition of consecutive sentences was not supported by the records in these cases.

{¶11} The standard of review applicable to this sentence-related claim is whether the sentence is clearly and convincingly contrary to law. *State v. Marcum*, 2016-Ohio-1002; R.C. 2953.08. With regard to sentencing-review generally, the Supreme Court of Ohio has limited that review by holding that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 39. Additionally, a trial court has full discretion to impose any sentence within the statutory range. *State v. Johnson*, 2021-Ohio-1768, ¶ 9 (3d Dist). "A sentence imposed within the statutory range is not contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12." *Id.*, citing *State v. Dorsey*, 2021-Ohio-76, ¶ 15 (2d Dist.).

{¶12} In order to impose consecutive sentences, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 2014-Ohio-3177, syllabus.

R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶13} When reviewing consecutive sentences on appeal, "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless

those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5.

**{¶14}** In the instant cases, both on the record at the sentencing hearing and in the judgment entries of sentencing, the trial court made findings pursuant to R.C. 2929.14(C)(4), as well as under subsections (b) and (c) of that statutory section, in support of the consecutive sentences, and Okonski does not contest that on appeal. However, Okonski argues that those findings are not supported by the record.

**{¶15}** Upon reviewing the entire record before us, we cannot clearly and convincingly find that the record does not support the trial court's findings with regard to consecutive sentences. On the contrary, there are multiple factors that support consecutive sentences.

**{¶16}** For one, Okonski had a prior felony conviction for Gross Sexual Imposition, for which he was sentenced to four years in prison. That fact, particularly given the similar nature of the prior crime and the crimes committed in these cases, supports the trial court's finding pursuant to R.C. 2929.14(C)(4)(c).

**{¶17}** Further, pursuant to R.C. 2929.14(C)(4)(b), we concur with the trial court's determination that the crimes to which Okonski pled guilty in these cases were part of a criminal course of conduct against multiple victims and that the harm caused by the multiple offenses in that course of conduct was so great or unusual that no single prison term adequately reflects the seriousness of Okonski's conduct. While Okonski asserts on appeal that "there was no evidence of actual physical harm

to any of the alleged victims in this case", R.C. 2929.14(C)(4)(b) does not require that the great or unusual harm caused by two or more of the multiple offenses in a course of conduct be physical harm. Moreover, we firmly reject Okonski's suggestion that possession of child pornography is not particularly harmful to the children depicted therein. "Both the Supreme Court of the United States and the Supreme Court of Ohio have found unequivocally that children are seriously harmed by the mere possession of pornography in which they are depicted." *State v. Maynard*, 132 Ohio App.3d 820, 827 (9th Dist.1999), citing *State v. Meadows*, 28 Ohio St.3d 43 (1986). In these cases, that type of serious harm, combined with the fact that there were six separate victims involved in the crimes for which Okonski was sentenced, more than adequately supports the trial court's finding pursuant to R.C. 2929.14(C)(4)(b).

{¶18} Finally, Okonski asserts in the first assignment of error that the record does not support the trial court's finding pursuant to R.C. 2929.14(C)(4) that consecutive sentences were not disproportionate to the seriousness of his conduct and to the danger he poses to the public. In this regard, Okonski argues that this Court must consider the total aggregate sentence in our review of the trial court's proportionality finding and, further, he argues that the trial court erred in failing to expressly consider the total aggregate sentence when imposing consecutive sentences.

{¶19} In support of his contention that the total aggregate sentence must be considered in the imposition and review of consecutive sentences, Okonski cites to *State v. Glover*, 2024-Ohio-5195, and to *State v. Mollett*, 2025-Ohio-2826 (3d Dist.).

{¶20} In *State v. Glover*, the Supreme Court of Ohio accepted the state's appeal of a decision of the First District Court of Appeals in which the court of appeals reversed and modified the consecutive sentences imposed against Glover in the trial court. *Glover*, 2024-Ohio-5195, at ¶ 1. In so doing, the First District had found that the aggregate sentence was "'disproportionate to Glover's criminal history, [t]he danger he posed to the public, and [his] offenses.'" *Id*., quoting *State v. Glover*, 2023-Ohio-1153, ¶ 102, ¶ 108 (1st Dist.).

{¶21} On appeal in the Supreme Court of Ohio, the decision of the First District in *Glover* was reversed. *Glover*, 2024-Ohio-5195. In the lead opinion of the Ohio Supreme Court, three justices agreed that (1) to the extent the court of appeals premised its holding on its disagreement with defendant's aggregate sentence rather than its review of the trial court's findings, it erred in doing so, as "[n]owhere does the appellate review statute direct an appellate court to consider the defendant's aggregate sentence"; and (2) the record did not clearly and convincingly fail to support the trial court's consecutive-sentence finding and that, in concluding otherwise, the appellate court effectively and improperly substituted its view for that of the trial court. *Id*. Writing separately, Justice Fischer then

concurred in the overall judgment reversing the judgment of the First District Court of Appeals and he joined in the second portion of the lead opinion finding that the record did not clearly and convincingly fail to support the trial court's consecutive-sentence findings. *Glover*, at ¶ 62, ¶¶ 70-71 (Fischer, J., concurring in judgment and concurring in part). However, Justice Fischer wrote that he disagreed with the portion of the lead opinion holding that neither trial nor appellate courts are required by R.C. 2929.14(C)(4) to focus on a defendant's aggregate prison term when imposing or reviewing consecutive sentences. *Id.*, at ¶¶ 62-69. Finally, the remaining three justices of the Ohio Supreme Court joined in a dissenting opinion authored by Justice Stewart, noting that they would hold that trial courts and appellate courts must consider whether the aggregate sentence imposed is disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Glover*, at ¶¶ 73-82 (Stewart, J., dissenting).

{¶22} Thus, as this Court noted in *State v. Mollett*, 2025-Ohio-2826 (3d Dist.), the *Glover* case resulted in four justices agreeing that trial courts and appellate courts must consider the aggregate sentence, at least with respect to the proportionality prong of the consecutive-sentencing statute. *Id.*, at ¶ 40. However, contrary to Okonski's assertion on appeal in these cases, while we opted to conduct an aggregate-sentence review in *Mollett*, this Court stopped short of holding in *Mollett* that consideration of the aggregate sentence is required when imposing or

reviewing consecutive sentences. *Id*. We decline to do the same here, for two reasons.

**{¶23}** One, as detailed above, the four justices of the Ohio Supreme Court who indicated in *Glover* that an aggregate-sentence review should be required in the imposition and the review of consecutive sentences did not constitute a majority opinion in that case. It is well established that a plurality opinion from the Supreme Court of Ohio has "questionable precedential value inasmuch as it * * * fail[s] to receive the requisite support of four justices * * * in order to constitute controlling law." *Kraly v. Vannewkirk*, 69 Ohio St.3d 627, 633 (1994). Put another way, a plurality opinion is not binding authority. *Nascar Holdings, Inc. v. Testa*, 2017-Ohio-9118, ¶ 18, citing *Hedrick v. Motorists Mut. Ins. Co.*, 22 Ohio St.3d 42, 44 (1986), *overruled on other grounds*, *Martin v. Midwestern Group Ins. Co.*, 1994-Ohio-407 (1994). The four justices in *Glover* who agreed in theory as to the premise of aggregate-sentence review when consecutive sentences are at issue did not even constitute a plurality opinion, which is "[a]n opinion lacking enough judges' votes to constitute a majority, but receiving more votes than any other opinion." Black's Law Dictionary (8 Ed. 2004) 1125.

**{¶24}** Second, in the time since the *Glover* decision was released by the Supreme Court of Ohio, a number of Ohio's appellate districts have declined to require consideration of the aggregate sentence when imposing or reviewing consecutive sentences. *See, e.g., State v. Stone*, 2026-Ohio-1372, ¶¶ 17-18 (5th

Dist.); *State v. Jackson*, 2026-Ohio-1486, ¶ 96 (4th Dist.); *State v. Volpi*, 2026-Ohio-599, ¶ 37, ¶ 42 (11th Dist.); *State v. Anderson*, 2025-Ohio-5732, ¶¶ 25-26 (6th Dist.).

{¶25} Therefore, on the basis of all of the foregoing, we find Okonski's argument regarding aggregate-sentence consideration to lack merit.

{¶26} In sum, when considering the record as a whole, we do not find that Okonski has demonstrated by clear and convincing evidence that his consecutive sentences are clearly and convincingly contrary to law. Therefore, the first assignment of error is overruled.

*Second Assignment of Error*

{¶27} In the second assignment of error, Okonski argues that his sentences in both cases violate the prohibition against cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution and in Article I, Section 9 of the Ohio Constitution.

{¶28} In this assignment of error, Okonski first claims that his sentences were grossly disproportionate to the offenses to which he pled guilty and, further, that his aggregate sentence should also be considered extreme and disproportionate.

{¶29} The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Eighth Amendment is applicable to the states pursuant to the Fourteenth Amendment. See *Robinson v. California*, 370 U.S. 660 (1962). Section 9, Article I of the Ohio Constitution sets forth the same restriction

on cruel and unusual punishment, providing that "[e]xcessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted."

**{¶30}** As the Supreme Court of Ohio has noted, "'[t]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are "grossly disproportionate" to the crime.'" *State v. Weitbrecht*, 86 Ohio St.3d 368, 373 (1999), quoting *Harmelin v. Michigan*, 501 U.S. 957*, 1001 (1991) (Kennedy, J., concurring in part and in judgment). With respect to the question of gross disproportionality, the Ohio Supreme Court reiterated in *Weitbrecht* that "'[c]ases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person[,]'" and furthermore that "'the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community.'" *Id*., at 371, quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 70 (1964), and citing *State v. Chaffin*, 30 Ohio St.2d 13, paragraph three of the syllabus (1972).

**{¶31}** For purposes of the Eighth Amendment and Section 9, Article I of the Ohio Constitution, the Supreme Court of Ohio has further held that, when reviewing the proportionality of sentences, courts should focus on individual sentences instead of on the cumulative impact of multiple, consecutive sentences. *State v. Hairston*, 2008-Ohio-2338, ¶ 20. When none of the individual sentences are grossly disproportionate to the sentences for other similar offenses, the aggregate prison

term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment. *Id.* As the Ohio Supreme Court noted in *Hairston*, "'[i]f a proportionality review were to consider the cumulative effect of all the sentences imposed, the result would be the possibility that a defendant could generate an Eighth Amendment disproportionality claim simply because that defendant had engaged in repeated criminal activity.'" *Id.*, at ¶ 19, quoting *Close v. People*, 48 P.3d 528, 539 (Colo. 2002).

{¶32} In the instant cases, the criminal conduct involved in the offenses for which Okonski was sentenced was of a very serious nature, and those crimes were part of a course of conduct in which Okonski preyed upon multiple victims of very tender ages, and with some of whom he was also in a position of trust. Each of Okonski's individual sentences is within the range authorized by the Ohio Revised Code, and we do not find that any of Okonski's individual sentences would be shocking to any reasonable person, nor are any of the sentences so greatly disproportionate to the crime as to shock the sense of justice of the community. While Okonski further asserts that his aggregate sentence should also be considered extreme and disproportionate, we find nothing cruel and unusual about punishing an offender who committed multiple crimes more severely than an offender who committed only a single crime, which is the effect of consecutive sentencing. *See Hairston*, *supra*, at ¶ 19, citing *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999).

{¶33} Okonski also argues in the second assignment of error that his sentences were disproportionate to sentences imposed on other offenders who committed the same crimes under similar circumstances.

As this Court stated in *State v. Gossman*, 2020-Ohio-5135 (3d Dist.):

A sentence within the statutory range generally will not be found to be in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *U.S. v. Newsome*, 898 F.2d 119 (10th Cir.1990). The Eighth Amendment only forbids extreme sentences that are "grossly disproportionate" to the crime. *Ewing v. California*, 538 U.S. 11, 12, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003). "A defendant alleging disproportionality in felony sentencing has the burden of producing evidence that his sentence is disproportionate to sentences given to other offenders with similar records who have committed these offenses.["] *State v. McMillan*, 8th Dist. Cuyahoga No. 105296, 2017-Ohio-8872, ¶ 16, 100 N.E.3d 1222.

*Id*., at ¶ 10.

{¶34} Here, Okonski claims that his sentences were disproportionate to those imposed upon the defendant in the Seneca County Court of Common Pleas case of *State v. Dunbar*, Case Number 25 CR 0189. Okonski asserts that in the *Dunbar* case, the trial court sentenced the defendant to 12 months in prison on each of five counts of Unlawful Sexual Conduct with a Minor, and to 4 to 6 years in prison on a charge of Pandering Obscenity Involving a Minor, with the sentences to be served concurrently.

{¶35} However, Okonski has not presented any evidence in these cases that his sentence was not proportionate to similarly situated offenders. While the sentence in the *Dunbar* case was referenced in passing by the prosecution on the

record at Okonski's sentencing hearing, the record here contains no information about the facts of the *Dunbar* case, other than that Dunbar was apparently found guilty of creating just a singular piece of sexually-oriented material involving a child. (10/20/25 Tr., 4). The record before us is silent as to any other information relating to that other case that might be relevant for comparison purposes, including but not limited to the specifics of the crimes at issue, the defendant's prior criminal history or lack thereof, the position of the victim or victims as to sentencing, and whether there was any agreement between the parties as to a sentencing recommendation.

{¶36} In a direct appeal, this Court may not consider matters outside the record. *State v. Wilson*, 2024-Ohio-5557, ¶ 17 (3d Dist.), citing *State v. Jones*, 2007-Ohio-5624 (3d Dist.). Any evidence necessary to establish Okonski's claim would be evidence outside of the record in these cases, and therefore his claim fails on direct appeal. *See State v. Rentschler*, 2023-Ohio-3009, ¶ 67 (3d Dist.), citing *State v. Cooperrider*, 4 Ohio St.3d 226, 228 (1983).

{¶37} For all the reasons stated, the second assignment of error is overruled.

*Third Assignment of Error*

{¶38} In the third assignment of error, Okonski argues that the trial court erred in failing to consider his military service record at the time of sentencing, as required by R.C. 2929.12(F).

{¶39} The statute at issue here, R.C. 2929.12, governs the factors that trial courts must consider when imposing sentence for a felony crime. R.C. 2929.12(B) sets forth ten potential factors indicating that an offender's conduct is more serious than conduct normally constituting the offense, while R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense. R.C. 2929.12(D) and (E) then each list five factors that trial courts are to consider that indicate an offender is likely to commit future crimes or is not likely to commit future crimes, respectively. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record, if any.

Specifically, R.C. 2929.12(F) provides:

The sentencing court shall consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses.

{¶40} While a trial court is required to consider the factors set forth in R.C. 2929.12, the trial court is not required to discuss the considerations on the record. *State v. Gossman*, 2020-Ohio-5135, ¶ 7 (3d Dist.), citing *State v. Agnew*, 2020-Ohio-4260, ¶ 11 (3d Dist.). "'A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes.'" *Agnew*, *supra*, at ¶ 11, quoting *State v. Maggette*, 2016-Ohio-5554, ¶ 32 (3d Dist.).

{¶41} In particular, R.C. 2929.12(F) "does not require a particular outcome or that the trial court do anything other than consider the defendant's military service record and any contributing factors to the offense that can be traced back to such service." *State v. Cook*, 2024-Ohio-2798, ¶ 39 (4th Dist.), citing *State v. Aburas*, 2018-Ohio-1984, ¶ 13 (12th Dist.), citing *State v. Mitchell*, 2015-Ohio-1132, ¶ 22 (4th Dist.) (Simply because the trial court did not enumerate R.C. 2929.12(F) on the record, does not also mean the trial court did not consider the defendant's military service.). *See also State v. Stewart*, 2024-Ohio-1640, at ¶ 48 (4th Dist.) (R.C. 2929.12(F) does not put the burden on the court to solicit information as to whether the offender has such a condition).

{¶42} In the instant cases, the presentence investigation report contains a section relating to Okonski's prior military service, which states that he "joined the Army in March of 1997 and left as an E2 in October of 1997 as he had a bad knee with an Honorable Discharge." There is no information in the presentence report reflecting that Okonski has an emotional, mental, or physical condition that is traceable to his seven months of military service and that was a contributing factor in his commission of the crimes in these case, nor does Okonski allege on appeal that he has, or had, such a condition.

{¶43} Nevertheless, the trial court specifically noted on the record at the time of sentencing that it had considered the presentence investigation report and, further, that the court had "balanced the seriousness and recidivism factors under Ohio

Revised Code Section 2929.12." (10/20/25 Tr., 21). The judgment entries of sentencing also both reflect that the trial court considered "the record, oral statements, Victim Impact Statement and Presentence Investigation Report, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12."

{¶44} Based on all of the foregoing, we find no merit to Okonski's claim that the trial court failed to consider Okonski's prior military service or otherwise erred in the application of R.C. 2929.12(F) when imposing sentence in these cases.

{¶45} The third assignment of error is overruled.

*Conclusion*

{¶46} Having found no error prejudicial to the defendant-appellant, Mick Okonski, in the particulars assigned and argued, the October 20, 2025 judgments of the Seneca County Court of Common Pleas are affirmed.

***Judgments affirmed***

**ZIMMERMAN, P.J., and WILLAMOWSKI, J., concur.**

Case Nos. 13-25-21, 13-25-22

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgments of the trial court are affirmed with costs assessed to Appellant for which judgment is hereby rendered. The causes are hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Juergen A. Waldick, Judge

_____
William R. Zimmerman, Judge

_____
John R. Willamowski, Judge

DATED:
/jlm

-21-